United States District Court
Southern District of Texas
**ENTERED**
August 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN CARLOS BAUTISTA § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 1:20-CV-00061 |
| § | CRIMINAL ACTION NO. 1:17-CR-174-1 |
| UNITED STATES OF AMERICA § | |

# ORDER

In April 2020, Petitioner Juan Carlos Bautista moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1) In his Petition, Bautista challenges his sentence of ten years imprisonment and ten years of supervised released, which the Court imposed after Bautista pled guilty to enticing a person that he believed to be a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

Bautista raises five arguments: (1) his second counsel, Ricardo Adobbati, was ineffective for advising him to enter into a plea agreement, thus rendering the plea unknowing; (2) Adobbati and Bautista's first lawyer, Reynaldo Cisneros, were both ineffective in defending his case; (3) Adobbati was ineffective for not filing a requested notice of appeal; (4) the Government withheld probative evidence from Bautista; and (5) the evidence was insufficient to support his conviction.

With respect to the first argument, Bautista's post-arrest interview with law enforcement proves particularly relevant. His counsel, Adobbati, claims that he reviewed a transcript with Bautista while the defendant was in pre-trial custody, and that on the first day of trial, he showed Bautista relevant portions of the video itself. In his Petition, Bautista alleges that Adobbati neither reviewed the transcript with him nor allowed him to view the video during the trial.

In April 2022, the Magistrate Judge held an evidentiary hearing on the petition, and Bautista and the United States filed post-hearing briefs. Based on that hearing and the record,

the Magistrate Judge recommends that Bautista's petition be denied as substantively meritless. (R&R, Doc. 88)

Bautista timely filed Objections (Doc. 89), arguing that two factual findings by the Magistrate Judge are meritless because they are not supported by sufficient evidence. Specifically, Bautista contends that the Magistrate Judge erroneously found that Adobbati went over the transcript with Bautista before he entered his guilty plea. And he argues that the Magistrate Judge incorrectly found Adobbati's testimony more credible than his own regarding viewing the video itself on the first day of trial. (*Id.* at 2)

The Court reviews the challenged portions of the Report and Recommendation *de novo* and all other portions for plain error. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). Both of Bautista's objections concern the first ground in the Petition—i.e., that Adobbati rendered ineffective assistance of counsel in connection with Bautista's guilty plea. The Court will review these issues *de novo*. As to the other alleged claims, Bautista raises no objections to the Report and Recommendation's conclusions, and the Court finds no plain error in the Magistrate Judge's analysis.

## I.

Based on the record and the applicable law, the Court agrees with the conclusion within the Report and Recommendation as to the issues raised by both objections.

To establish a claim for ineffective assistance of counsel, "a petitioner must first show that his attorney's performance was deficient and, second, demonstrate that such deficiency caused him prejudice." *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). For counsel's performance to be considered "deficient," the representation must have fallen "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To constitute effective assistance in advising a client to enter a guilty plea, counsel must ensure that the client is sufficiently "familiar with the relevant facts and law"

to make an intelligent and voluntary choice to plead guilty. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (internal citations omitted). Both prongs must be satisfied, or "it cannot be said that the conviction . . . resulted in a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Bautista makes no objection to the Report and Recommendation's conclusion that Bautista was not prejudiced by any alleged failures on the part of his counsel, and the Court finds no plain error in this conclusion. This alone defeats Bautista's claims relating to the ineffective assistance of counsel, as the second prong of the *Strickland* standard is not satisfied.

In addition, Bautista has not established that his counsel's performance was deficient. The Court has reviewed the record in this case, including the relevant portions of Bautista's and Adobbati's testimony during the April 14 evidentiary hearing. Bautista contends first that the Magistrate Judge erroneously concluded that Bautista was able to review a transcript of the post-arrest interview with Adobbati. In making this argument, Bautista focuses on Adobbati's statements to the Court during trial. (Objs., Doc. 89, 3) Contrary to Bautista's argument, however, those statements fully support the finding in the Report and Recommendation. Adobbati first informed the Court that when Bautista was in pre-trial custody, Adobbati could not show him the video itself, due to restrictions at the detention facility. But Adobbati was able to "read the transcript" to Bautista. (*Id.* at 3 (quoting trial transcript)) The next paragraph concerned Adobbati's request for a recess during the trial, to review the video itself with Bautista. In connection with that request, Adobbati indicated that he had a summary of the transcript that would enable him to avoid having to review the entire video with Bautista, and to skip to the relevant portions. So while Adobbati did not read the transcript to Bautista during the trial, he had previously done so when Bautista was at the pre-trial detention facility.

Bautista next argues that the Magistrate Judge erroneously found Adobbati's testimony more credible than Bautista's regarding whether on the first day of trial, Adobbati actually showed

the video to the defendant. The two individuals provided conflicting testimony on this point to the Magistrate Judge, who made a credibility finding in favor of Adobbati's version of what transpired that day. Based on the record, the Court finds no basis to reject the Magistrate Judge's credibility findings.

## II.

For these reasons, the Court **OVERRULES** Bautista's objections (Doc. 89) and **ADOPTS** the Report and Recommendation (Doc. 88). It is:

**ORDERED** that all claims against the United States by Petitioner Juan Carlos Bautista in his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) are **DISMISSED WITH PREJUDICE.**

In addition, the Court finds that no outstanding issue would be debatable among jurists of reason, and that Bautista fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court **DENIES** a Certificate of Appealability.

The Clerk of Court is directed to close this matter.

Signed on August 19, 2022.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge